UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------x
KIURYS MARTINEZ AND DELIELA MARTINEZ,   **PLAINTIFF'S FIRST SET OF INTERROGOTARORIES AND REQUEST FOR DOCUMENTS**

                Plaintiffs,

-against-

TARGET CORPORATION,   1:13-CV-00447-R

                Defendant.
------------------------------------------x

A T T O R N E Y S:

    PLEASE TAKE NOTICE that, pursuant to Federal Rules of Civil Procedure 33 and 34 and Local Civil Rules 26.3 and 33.3 of the Southern District of New York, plaintiffs Kiurys Martinez and Deliela Martinez, by their attorneys', Trolman, Glaser & Lichtman, P.C. hereby request that defendants Target Corporation the following interrogatories and request for documents separately and fully in writing, under oath, within thirty days of receipt. The answers hereto should include all information known up to the date of the verification thereof. PLEASE ALSO TAKE NOTICE that, pursuant to Fed. R. Civ. P. 26(e)(1), Defendants are under a duty to supplement their disclosures if they discover that in some material respect the information disclosed herein is incomplete or incorrect and if the additional or corrective information has not otherwise been made known to defendants during the discovery process or in writing. Further, pursuant to Rule 26(e)(2), Defendants are also under a duty to reasonably amend their responses to these discovery requests if they learn that any response given is in some material respect incomplete or incorrect

and if the additional or corrective information has not otherwise been made known to plaintiffs during the discovery process or in writing.

## DEFINITIONS

The plaintiffs hereby incorporate by reference the definitions set forth in Local Civil Rule 26.3 of the Southern District of New York. In addition, the following definitions shall apply except where otherwise indicated by words or context.

A. "Plaintiffs" mean Kiurys Martinez and Deliela Martinez, or their agents, employees, representatives or any person acting or purporting to act on their behalf.

## INSTRUCTIONS

A. Each interrogatory and each subpart of each interrogatory shall be accorded a separate answer. Each answer shall first set forth verbatim the interrogatory to which it is responsive. Interrogatories or subparts thereof shall not be combined for the purpose of supplying a common answer. The answer to an interrogatory or a subpart should not be supplied by referring to the answer to another interrogatory or subpart thereof unless the interrogatory or subpart referred to supplies a complete and accurate answer to the interrogatory or subpart being answered.

B. Responses to requests to identify persons and documents shall be in accordance with Local Civil Rules 26.3(c)(3) and 26.3(c)(4) of the Southern District of New York. When

referring to a person, "to identify" means to give, to the extent known, the person's full name, present or last known address, and the present or last known place of employment. When referring to documents, "to identify" means to give, to the extent known, the (i) type of document, (ii) general subject matter, (iii) date of the document, and (iv) author(s), addressee(s) and recipient(s).

      C. Where duplicate copies of one document exist, these need not be produced unless they contain writings or notes that do not appear on all other copies of that document.

## CLAIMS OF PRIVILEGE

Pursuant to Local Civil Rule 26.2 of the Southern District of New York, if defendants refuse to respond to any interrogatory or document request, or subpart thereof, on the ground of privilege, identify:

1. The nature of the privilege, including work product;

2. if the privilege is being asserted in connection with a claim or defense governed by state law, the state's privilege rule being invoked;

3. with respect to each document:

    (a) the type of document,

    (b) general subject matter of the document,

    (c) the date of the document,

    (d) the author(s) and addressee(s) of the document and the relationship of the author and the addressee(s) to each other, and

(e) any recipient of the document; and

4. with respect to each oral communication:

(a) the name of the person making the communication,

(b) the names of all persons present while the communication was made,

(c) the relationship of the person present to the person making the communication,

(d) the date and place of the communication, and

(e) the general subject matter of the communication.

## INTERROGATORIES

1. State whether plaintiff's own negligence contributed to or caused the accident. If yes, set forth:

(a) A detailed statement of the act or acts of negligence, culpability, lack of care or omissions on the part of the plaintiff which it will be claimed caused or contributed to the accident and set forth the time and location of said acts and/or omissions.

(b) A statement of the degree, extent and/or proportion to which it will be claimed plaintiff alleged negligence contributed to the accident.

2. State whether it will be claimed plaintiff's alleged negligent acts were committed and/or omitted by plaintiff solely or jointly with other persons. If with other persons:

(a) Set forth the names and addresses of other persons and set forth a detailed statement of the act or acts of negligence and omissions which will be alleged on the part of the aforesaid mentioned acts by each person;

(b) Set forth the degree, extent and/or proportion to which it will be claimed the alleged negligence of each other person contributed to the accident;

3. Set forth whether it will be alleged the injuries and/or damages sustained by plaintiff were in any way caused, initiated, continued and/or contributed to any acts or omissions of plaintiff. If yes, set forth:

(a) A detailed statement of the acts or omissions by plaintiff which it will be alleged caused, initiated, continued, exacerbated and/or contributed to plaintiff's injuries and/or damages and the manner in which said acts or omissions occurred and set forth the time and exact location of said acts or omissions;

(b) A statement of the proportion, extent, degree and nature of plaintiff's injuries and/or damages it will be alleged the acts and/or omissions of plaintiff caused, continued and/or contributed to plaintiff's injuries;

4. State whether it will be claimed any other persons caused, continued and/or contributed to plaintiff's injuries and/or damages. If yes, set forth the following:

(a) Identify all such persons;

(b) A detailed statement of the acts or omissions by such persons which it will be alleged caused, initiated, continued, exacerbated and/or contributed to plaintiff's injuries and/or damages; the manner in which said acts or omissions occurred; and set forth the time and exact location of said acts or omissions;

(c) A statement of the proportion, degree, and the extent it will be alleged each person caused, continued and/or contributed to plaintiff's injuries and/or damages.

5. Set forth the total proportion, degree or extent to which it will be claimed plaintiff's injuries and/or damages are diminished by plaintiff's and other non-parties' alleged negligence.

6. Identify every individual who spoke, discussed, or otherwise reviewed with any party herein either the occurrence or incident alleged in the complaint and/or the inception of the injuries alleged in the complaint; Identify any notes or memoranda made by such individuals or by anyone on behalf of the defendants or defendant's attorneys, with respect to each such conversation, discussion or review.

7. Set forth the name and residence address of each and every individual who spoke, discussed, or otherwise reviewed with any party herein either the occurrence or incident alleged in the complaint and/or the inception of the injuries alleged in the complaint, together with any notes or memoranda made by such

individuals or by anyone on behalf of the defendant or defendant's attorneys, with respect to each such conversation, discussion or review.

8. Identify any person claimed to be a witness to any of the following:

    (a) the occurrence alleged in the complaint;

    (b) any acts, omissions, defects or conditions which allegedly caused the occurrence set forth in the complaint;

    (c) any person giving notice to the defendants of any condition which is alleged to have caused the occurrence set forth in the complaint and the date and manner thereof. If in writing, supply a copy thereof;

    (d) the nature and duration of any alleged condition which allegedly caused the occurrence set forth in the complaint;

    (e) any acts or conditions substantiating the alleged affirmative defenses in answer to the complaint.

If no such witnesses are known to any party you represent, so state in the sworn reply to this demand. The undersigned will object upon trial to the testimony of any witnesses not so identified.

9. Identify any legal actions against defendants for injuries sustained as a result of kind of occurrence complained of in the instant action.

14. Identify each person the defendant expects to call as an expert witness at the trial of the action and state:

   (a) The subject matter in reasonable detail upon which each expert named above is expected to testify at the trial of the action;

   (b) Any sub-specialties of the witness within his or her field of expertise;

   (c) The subject matter on which he or she is expected to testify;

   (d) All opinions that he or she is expected to express and the basis and reasons therefore;

   (e) The data or other information he or she considered in forming his or her opinion(s);

   (f) Any exhibits to be used as a summary of or in support for his or her opinion(s);

   (g) His or her qualifications, including a list of all publications that he or she authored within ten years preceding the date of this request;

   (h) The compensation paid and to be paid to him or her for the study and the testimony; and

   (i) All other cases in which he or she has testified as an expert at trial or by deposition within ten years preceding the date of this request.

  15. Identify all persons who have written any report or statement in connection with any of the matters set forth in the complaint.

  16. Identify all persons who have acted on Defendants'

behalf in investigating the matters alleged in the complaint.

17. Identify all documents written by or to any person who has investigated or reported on the matters set forth in the complaint on Defendants' behalf.

18. Identify all persons with possession, custody or control of any photographs, charts, drawings, diagrams, or other documents concerning the Accident.

19. Identify all persons with knowledge concerning any civil or criminal action, lawsuit or legal proceeding within or outside the United States concerning any of the matters alleged in the complaint.

20. Describe all non-documentary physical evidence not already identified concerning the matters alleged in the complaint. For each piece of evidence responsive to this request, state its location and identify all persons in possession, custody or control of such evidence.

21. Identify all persons upon whom Defendants intend to rely upon or call as a witness at trial.

23. A statement of each and every act on the part of plaintiff(s), each and every omission to act on the part of plaintiff(s), and each and every risk assumed by plaintiff(s), and each and every act constituting plaintiff's alleged culpable conduct, which you contend were the cause of plaintiff's injuries and damages.

24. A statement of each and every act constituting due care

on the part of plaintiff(s) which it is alleged plaintiff(s) was required to use for plaintiff's own safety, and in what respects the alleged failure caused or contributed to these injuries and damages.

25. Each and every act, failure to act or omission on the part of the plaintiff(s) which caused or in any way contributed to the happening of the occurrence of which the plaintiff(s) complain or which caused or in any way contributed to the injuries claimed by the plaintiff(s).

26. The name and address of every person, firm, corporation, business entity or other that the defendant(s) claims caused or in any way contributed to the happening of the occurrence set forth in the complaint, or is responsible in whole or in part for any of the injuries and/or damages sustained by and claimed by the plaintiff(s) and over whom the plaintiff(s) can with due diligence obtain jurisdiction over.

## REQUEST FOR DOCUMENTS

Defendants are hereby requested to produce within thirty (30) days of this date at the office of Trolman, Glaser & Lichtman, P.C., 777 Third Avenue, New York, New York, 10017, Attention: Michael A. Madonna, the following documents, or copies thereof, in the event that the originals are not in Defendants' possession or under their control, for inspection and copying:

1. All documents including, but not limited to, incident reports or other investigative reports, concerning the Accident.

2. Any picture, photograph, drawing, sketch, map, or other depiction showing the location in which the accident occurred.

4. All statements made by any person identified in response to the above interrogatories, however recorded (i.e. by written notes, transcription, audio recording, video recording, or by other means) concerning:

    (a) the Accident;

    (b) any allegation of the complaint;

    (c) the affirmative defenses raised in the answer.

10. All photographs, motion pictures, videotape films, all surveillance materials taken of the plaintiff of any kind whatsoever.

11. The name and address of each person claimed to be a witness by any party that you represent to any of the following:

    (a) the occurrence alleged in the Complaint;

    (b) as an eyewitness to the occurrence alleged in the Complaint and/or circumstances regarding the same;

    (c) any acts, omissions or conditions which allegedly caused the occurrence alleged in the Complaint;

    (d) first-hand knowledge of the condition of the site of the occurrence at the time of the occurrence;

    (e) the nature and duration of the condition alleged by the plaintiff(s) to have caused the occurrence alleged in the Complaint;

    (f) any admission or statement allegedly made by the

plaintiff(s) concerning the happening of the occurrence alleged in the Complaint.

12. The name and address of any expert the defendant(s) expects to call at the time of trial setting forth:

(a) the subject matter on which each expert is expected to testify;

(b) the substance of the facts and opinions each expert is expected to testify on;

(c) the qualifications of each expert;

(d) the summary of grounds for the opinion expressed by each expert.

13. All photographs showing the scene, site or location of the accident/occurrence taken at any time following the accident/occurrence.

14. Copies of all statements, whether oral, signed or unsigned, recorded or unrecorded, electronically recorded by the plaintiff(s), or any of them, in any way relating to the accident/occurrence.

15. Copies of all photographs, video tapes or movies ("surveillance materials") taken by the defendant(s) subsequent to the commencement of this action and which purport to depict the plaintiff. This is a continuing demand, up to and including trial, and in the event that this demand is not complied with, the plaintiff(s) will move to preclude the defendant(s) from offering into evidence upon the trial of the action that which this item 10

seeks and which the defendant(s) has not provided.

16. The name and address of every person, firm, business entity or other that the defendant(s) claims caused or in any way contributed to the happening of the occurrence set forth in the Complaint, or is responsible in whole or in part for any of the injuries and/or damages sustained by the plaintiff(s), and over which the plaintiff(s) can with due diligence obtain jurisdiction over.

This is a continuing demand, and in the event knowledge is acquired of the name and address of any person claimed to be a witness or participant to the occurrence which gave rise to the commencement of this action, or who has been consulted as an expert, and such knowledge is acquired subsequent to the receipt of this demand, up to and including the trial of this action, you are required to set forth in writing, and under oath, the name and address of such persons. In the event this Demand is not complied with, the plaintiff will, upon the trial of this action, move the Court to preclude and forbid the testimony of any witness offered by the defendant(s) as to whom the name and address has not thereto been furnished to the plaintiff's attorneys, pursuant to this Demand.

PLEASE TAKE FURTHER NOTICE, that upon your failure to comply with the foregoing demand, plaintiff(s) will move for an Order to Preclusion herein, pursuant to the rules of this Court.

Dated:   New York, New York
         August 13, 2013

                                      Yours, etc.,

                            BY: _____
                                MICHAEL A. MADONNA, ESQ.
                                TROLMAN, GLASER & LICHTMAN, P.C.
                                Attorneys for Plaintiff(s)
                                777 Third Avenue
                                New York, NY 10017
                                (212) 750-1200

TO:

Fishman McIntyre P.C.
Attorneys for Defendant(s)
TARGET CORPORATION
44 Wall Street, 12th Floor
New York, NY 10005
(212) 461-7190

STATE OF NEW YORK  }
                   } ss.:
COUNTY OF NEW YORK }

FRANCIS TAVERAS, being duly sworn, deposes and says:

Deponent is not a party to the action, is over the age of 18 years and resides at Kings, New York.

That on the 13 day of August, 2013, deponent served the within **PLAINTIFF'S FIRST SET OF INTERROGATORIES AND REQUEST FOR DOCUMENTS** upon the following, at the addresses designated by said attorneys for that purpose, by depositing a true copy of same enclosed in a postpaid properly addressed wrapper, in a post office or official depository under the exclusive care and custody of the United States Postal Service, within the State of New York:

Fishman McIntyre P.C.
44 Wall Street, 12th Floor
New York, NY 10005
(212) 461-7190

_____
FRANCIS TAVERAS

Sworn to before me this
13 day of August, 2013

_____
Notary Public

Maggie Castillo
Commissioner of Deeds
City of New York - No. 2-9560
Certificate Filed in Kings County
Commission Expires Nov. 1, 2014

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x

KIURYS MARTINEZ AND DELIELA :   1:13-CV-00447-R (MAM) 2965
MARTINEZ,
                                :
                Plaintiff,          **PLAINTIFF'S FIRST SET OF**
                                :   **INTERROGATORIES AND**
                                    **REQUEST FOR DOCUMENTS**
       - against -
                                :

TARGET CORPORATION,
                                :
                Defendant.
                                :

------

### PLAINTIFF'S FIRST SET OF INTERROGATORIES
### AND REQUEST FOR DOCUMENTS

**TROLMAN, GLASER & LICHTMAN, P.C.**
*Attorneys for Plaintiff(s)*
777 Third Avenue
New York, New York 10017
(212)750-1200
Fax:(212)980-4011

To:
Attorney(s) for

The signature below shall constitute the signature required pursuant to NYCRR Section 130-1.1-a and pertains to all of the enclosed documents: PLAINTIFF'S FIRST SET OF INTERROGATORIES AND REQUEST FOR DOCUMENTS

MICHAEL A. MADONNA

*PLEASE TAKE NOTICE*
NOTICE OF
  ENTRY          that the within is a (certified) true copy of a
  ☐              entered in the office of the Clerk of the within named
                 Court on                        20    .

  NOTICE         hat an Order of which the within is a true copy will be
    OF           presented to the Hon.                      , one of the
  SETTLEMENT     judges of the within named Court, on          , 20

☐
Dated:

                    **TROLMAN, GLASER & LICHTMAN, P.C.**
                    *Attorneys for Plaintiff(s)*
                    777 Third Avenue
                    New York, New York 10017
                    (212)750-1200
                    **Fax: (212)980-4011**